SHELDON B. FARGO, JAMES A. BENNETT, JOHN FOSTER and AARON RICHARDSON, Plaintiffs in Error, v. COUNTY COMMISSIONERS OF BENTON COUNTY, Defendants in Error.

*Error to Benton.*

1. An *uncertified* tax-list is not proof of a certified tax-list.
2. An uncertified tax-list having been permitted by the court below to be read in evidence, "to show any indebtedness of said Fargo to the county, by reason of his having collected any of the taxes in said list," there being no allegation in the pleadings of indebtedness for "moneys had and received," was error.

SUIT was brought in the court below, by the board of the county commissioners of Benton County, against Sheldon B. Fargo, sheriff, and his sureties on sheriff's bond, to recover damages for an alleged breach of the penalty of said bond, in not returning the certified tax-list and warrant to said board, on or before the first day of April, A. D. 1858. The complaint charged that Fargo was elected sheriff; that he took the oath, and gave the bond of office, in which the other defendants are securities; that on the 28th of November, 1857, T. H. B. Odeneal, auditor of Benton County, issued to Fargo, as such sheriff, a certified list of the unpaid taxes of said county, amounting to $3,823 23, with warrant attached; and that he failed to make return, as above stated, and thereby made breach of the condition of the bond.

The answers of the defendants admitted the election, oath,

bond and security, as charged in the complaint; but deny that a certified tax-list was placed in the hands of Fargo, and also deny any indebtedness or liability to the plaintiff.

The answers also alleged that Fargo offered to make return and settlement on the first Monday in April, 1858; that time, from month to month thereafter, was given him by plaintiff for such return and settlement, and that he did return, and the plaintiffs did credit him with $711 54², delinquent taxes in said list.

The reply denied any offer to make return and settlement; and all those portions of the answers relating to the giving of time, and the crediting of the delinquent taxes, were stricken out, on motion of the plaintiff, and excepted to by the defendants.

Judgment, on verdict for plaintiffs, in $991 94.

*Thayer & Williams*, for plaintiffs in error.

*J. Kelsay*, for defendant in error.

WAIT, C. J.   Several matters have been assigned in this court as error, for which the judgment in the court below is sought to be reversed.

From the view taken by this court, it will be unnecessary to consider other than the second point assigned as error, viz.: the admitting in evidence of the *uncertified* tax-list.

By law, the tax-list should have been certified by the county auditor, before delivery to the sheriff.

The complaint alleges, that the tax-list issued to Fargo was a certified tax-list. It appears, from the bill of exceptions, that upon the trial of the cause, the plaintiffs offered in evidence an uncertified tax-list, which was objected to by the defendants, and permitted by the court to be read in evidence, "to show any indebtedness of said Fargo to the county, by reason of his having collected any of the taxes in said list."

The complaint does not allege a liability by the defendants,

on account of moneys received by Fargo, nor is any issue found by the " answers and reply," to which the testimony would be pertinent; nor could an uncertified tax-list be given in evidence, to prove a breach of a *bond*, for not returning a certified tax-list. An *uncertified* tax-list is not proof of a *certified* tax-list.

The evidence ought not to have been admitted; and, having been objected to, and the ruling of the court excepted to, the judgment should be reversed, and a new trial granted.

Judgment reversed, and a new trial granted.